IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS FORT WORTH DIVISION

| | |
|---|---|
| MARA HOLDINGS, INC.; DOES 1-8 § <br>   Plaintiffs § <br> § <br> v. § <br> § <br> HOOD COUNTY, TEXAS; County Judge RON § <br> MASSINGILL, in his official capacity; County § <br> Attorney, MATT MILLS, in his official capacity; § <br> & Hood County Elections Administrator, § <br> STEPHANIE COOPER, in her official capacity, § <br>   Defendants. § | Civil No. 4:25-CV-1202 |

## **DEFENDANTS' ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT SUBJECT TO DEFENDANTS' PLEA TO THE JURISDICTION**

NOW COMES Defendants HOOD COUNTY, TEXAS ("Hood County"), RON MASSINGILL ("Judge Massingill"), MATT MILLS ("Mills") and STEPHANIE COOPER ("Cooper") and files this, their Original Answer, subject to the preliminary determination of jurisdiction:

Defendants generally denies that this Court has subject matter jurisdiction, personal jurisdiction and that venue is proper based on the doctrine of sovereign immunity.

Subject to the determination of jurisdiction, Defendants submit the following answer to Plaintiff's complaint:

Defendants deny that they have committed any illegal conduct, violation of state laws, collusion, or any violation of Plaintiffs' constitutional rights. Defendants further deny that Plaintiffs are entitled to any injunctive or declaratory relief.

## **DENIALS & ADMISSIONS**

1. Defendants denies the allegation in paragraph 1 that any and all alleged acts of

unconstitutional use of local government to favor a small group of citizens or violate the constitutional rights of Plaintiffs and any allegations of impropriety.

2. Defendants deny the facts and allegations set out in paragraphs 1, 3-8, 11-17, 20-22, 24-31, 33-47, 54, 61, 63, 65, 69-72, 74, 76, 80, 82-85, 89, 96-98, 103-104, 113, 116-117, 120-125, 128, 133-134, 136-139, 143, 147-153, 161, 164, 167, 177, 181, 184-185, 187-188, 199, 204, 210, 213, 215, 218, 220-221, 223-224, 228-231, 234-235, 237-243, 246-254.

3. Defendants admit the facts and/or allegations in paragraphs 2, 18-19, 23, 32, 48-50, 52-53, 55-59, 62, 66-68, 73, 75, 77-78, 81, 92-94, 99-102, 105-112, 114-115, 118-119, 122-123, 126-127, 131, 135, 140-142, 144, 154-160, 162-163, 165-166, 169-176, 178-180, 182-183, 186, 190-198, 200, 202-203, 205-207, 219, 226-227, 233, & 252.

4. Defendants do not have sufficient knowledge to either admit or deny the facts and/or allegations of paragraphs 9-10, 51, 60, 86-88, 90-91, 95, 132, 145, 168.

5. There is no need to admit or deny paragraphs 129, 208, 211-212, 214, 216-217, 225, 232, 236, 244-245, & 251. Defendants deny all requests for relief and all of the subparts.

## PECIFIC DENIALS

6. Defendants specifically deny the allegations of efforts to secrete their actions, collude with residents, avoid public discussion or opposition as alleged in paragraphs 5, 13, 17, 28 & 43. Defendants took action openly and merely acted in their capacities to fulfill their duties. Further, there is much evidence, some proffered by Plaintiffs in their own exhibits that

Plaintiffs were fully aware of the events they complain were done in secret, as evidenced by multiple instances of correspondence between Plaintiffs and all Defendants.  Plaintiffs also submitted an open records request to which Defendants responded with the utmost transparency, diligence and produced all documents requested in a clear effort to provide transparency.  Defendants never "secretly colluded" with any residents, much less to "gain regulatory power over Plaintiffs."  Any regulation that would result from the incorporation of Mitchell Bend would rest with the newly incorporated city, not the County.  Therefore, Defendants' acts, which were done openly, would not have deprived Plaintiffs of any rights or due process as alleged.  These allegations are simply put, fabricated as well as any resulting consequences to the Plaintiffs caused by Defendants acting in their ministerial capacity as no power to regulate Plaintiffs would pass to Defendants or change in any way as a result of incorporation.

7. Defendants specifically deny the allegations of violations of state law or statute in any procedural defects or other actions taken to address Petitioners' application for incorporation, obtaining the order allowing the issue to be put to a vote and other allegations of illegality as alleged in paragraphs 6,17, 86-95, 125, & 129-127.  Plaintiffs make these allegations based on vague unconfirmed facts, circumstantial hearsay, and unproven mischaracterizations of the acts of individual actors for the County.  First, Plaintiffs make vague and conclusory illegality claims against the Defendants that they somehow acted intentionally and improper when in fact Defendants were acting ministerially in their duty to their constituents and the state as elected officials.

8. Defendants specifically deny the allegations of statutory deficiencies in their application.  Plaintiffs' allegations in paragraphs 107-115, 116, 118-120, 122-128 purport that

Petitioners' application should be declared ineligible because the area of proposed incorporation, Mitchell Bend, does not meet the criteria required by Section 7.001(1) of the Texas Local Government Code in that Mitchell Bend does not constitute an unincorporated town or village. Plaintiffs further state that "incorporation contemplates the existence of an actual village, town or city." Plaintiffs contend that Mitchell Bend consists of nothing more than two subdivisions and a bitcoin mining facility and also that it is nothing more than a road. Not only are their statements about Mitchell Bend contradictory, but also patently untrue. Mitchell Bend is an unincorporated town/village founded in the 1860s. Plaintiffs could have discovered this by performing a simple web search for Mitchell Bend, Texas. The Hood County Historical Society website explains the origin of Mitchell Bend, Texas. It was established in the 1860's by Nelson "Cooney" Mitchell, whose claim to fame is that he is the only man ever legally handed in Hood County. The community is named for Mitchell.[1] The community has institutions like the Mitchell Bend Cemetery, which hold State Historical Marker No. 3421, that explains the origin of the community, the infamous Michell/Truett family feud of 1874 and famous persons buried in the cemetery.[2] The United States Geological Service maps show Mitchell Bend on its official map of Hood County, Texas, also showing not only Mitchell Bend, but also the Mitchell Bend Cemetery and streets such as Mitchell Bend Highway and Mitchell Bend Court.[3] The August 11, 1966, edition of the *Hood County News-Tablet* has an article entitled "County Schools Had Humble Beginning" in which it discusses the founding the Mitchell Bend school in the 1920s.[4] Today Mitchell Bend contains not only residential and community institutions, but local business like Mara Holdings, in direct opposition of Plaintiffs' allegations to the contrary.

---

[1] See Exhibit 1   https://hctxhs.org/articles/feud.htm   and https://www.granburydepot.org/z/biog/cooney.htm
[2] See Exhibit 2 from the Texas Historic Sites Atlas of the Texas Historical Commission https://atlas.thc.texas.gov/Details/5221003421
[3] Exhibit 3 - https://ngmdb.usgs.gov/topoview/viewer/#13/32.3229/-97.7015
[4] Exhibit 4 - https://texashistory.unt.edu/ark%3A/67531/metapth1283127/m1/16/

9.  Defendant specifically denies the Plaintiffs' allegations in paragraphs 129-137 & 148-153 that the Application for Incorporation at issue in this case failed on its face in that it did not comply with Section 7.002(b) of the Texas Local Government Code.  The flimsy assertion that the Application proposed two town names instead of "a" town name is absurd.  Any flaws in the Application or the corresponding Order granting the Application are clearly unintentional administrative errors.  These paragraphs also contain allegations of the absence of boundaries as required by Section 7.008.  Defendants are confused at this allegation as the Exhibit Plaintiffs' proffered to this court clearly has attachments outlining the boundaries and plat proposed as well as a map and a listing of addresses affected.  Any insufficiencies alleged by the Plaintiffs fail as a proposed violation of statute.  In fact, a request for investigation was made to the Secretary of State, and the Secretary of State issued a response that determined that any action that seeks to invalidate or cancel a scheduled incorporation election would be inconsistent with the Texas Election Code absent statutory authority.[5]  Further, the Petitioners' outlined the boundaries with sufficiency in accordance with the statute.  The statute does not require an official survey or any other specific format for the proposed boundaries. In fact, the Application contains every address proposed as well as a visual map and property record plats.

10. Defendants specifically deny allegations contained in paragraphs 19, 107-108 & 140-144 that Petitioners' Application failed statutorily.  Defendants admit the Petitioners erred in failure to update the Section of the Texas Local Government Code from Chapter 8 to Chapter 7 in the application.  However, the intentions of organizing a city under Local Government Code Chapter 7 are clear by the cover letter submitted to the County Court from Mr. Lakey on August 12, 2025 that the Application was being submitted under Chapter 7 requesting incorporation as

---

[5] See Exhibit 5 – Letter from Secretary of State

a Type B General Law Municipality. It is clear by the statements of requirements the application met that the intention for all purposes of the application was to effect a proposal to voters for a Type B General Law Municipality.[6]

11. Defendants specifically deny the allegations of any impropriety or violation of the Texas Open Meetings Act. Defendants had no statutory duty or any duty otherwise to inform the public of the pending incorporation being put on the ballot and had no control over what private citizens spoke about in a meeting of the Commissioner's Court as alleged. There never existed any duty to place the incorporation discussion on the agenda, therefore no violation can exist when no duty existed.

12. Defendants specifically deny allegations that they "willingly ignored the statutory prerequisites to consider an Application for Incorporation." Notably, one of the leading Petitioners filed the complaint with the Texas Secretary of State against County Judge Ron Massingill even *after* Judge Massingill approved their second petition for incorporation. This undercuts the Plaintiffs' theory that Defendants were working "feverously" with Petitioners to push a "sham" election.

## **AFFIRMATIVE DEFENSES**

13. Defendants assert the following affirmative defenses:

   a. Plaintiffs' claims fail to state an actionable claim against it, upon which relief may be granted;

   b. Plaintiffs' state that for the relevant time period in question and at all relevant times – no official policy, practice or custom of the County and the other named Defendants in their official capacities were the actual or proximate cause of the

---

[6] See Exhibit 6 – Letter and Application submitted to the County Court on August 12, 2025.

Plaintiffs' alleged injuries;

c. Defendants state that the acts complained of by Plaintiffs were not proximately caused by any constitutionally defective police, practice or custom of the County;

d. Defendants state that the acts complained of by Plaintiffs were not proximately caused by any violation of the constitutional rights of Plaintiffs, nor the constitution or violation of state law;

e. Defendants state that for the relevant time period in question and at all relevant times – no official policy, practice or custom of the County and the other named Defendants in their official capacities were the moving force behind the alleged deprivation of Plaintiffs' rights;

f. Defendants deny that the County and any of the named Defendants in their official capacities deprived Plaintiffs of any constitutional rights as guaranteed by the Constitutional and/or statutory provisions occurred as a result of the admitted acts of Defendants;

g. Defendants deny all allegations that any violation of the Texas Open Meetings Act occurred;

h. Defendants state that for the relevant time period in question and at all relevant times, no official County policy or any wide-spread custom having the force of official policy, was the moving force behind the cause of Plaintiffs' alleged injuries. Further, Defendants state that no deliberate or secretive actions created any circumstances of known risk of deprivation of constitutional or statutory rights as alleged in Plaintiffs' complaint;

i. Defendants state that Plaintiffs failed to mitigate any alleged damages by

        intentionally delaying taking any actions to protect themselves from alleged damages, despite knowledge of the actions complained of months before the filing of Plaintiffs' complaint and request for injunctive relief;

j. Plaintiffs have failed to meet conditions precedent to filing its Complaint and as a result of their own delay now request emergency injunctive relief that severely prejudices Defendants' defense;

k. Defendants were acting in their ministerial duties and were obligated to act to satisfy their duties as duly elected officials for the County;

l. There is no legal or factual basis for recovery against this Defendants for any actual or statutory damages;

m. Plaintiffs' claims are barred by the doctrine of sovereign immunity; and

n. Plaintiffs have no standing to bring tort claims, to contest any procedural errors, to stop an election and there is no controversy that exists between the parties;

o. Plaintiffs have failed to meet the standard for injunctive relief; and

p. No statutory waiver of Defendants' governmental immunity that would entitle Plaintiffs to injunctive or mandamus relief.

q. Plaintiffs failed to name any of the Petitioners in their lawsuit, which violates F.R.C.P. Rule 19(a). The disputes Plaintiffs have is with the Petitioners, not Hood County and County officials acting in their ministerial duties with regard to the application.

## **ATTORNEYS' FEES**

Defendants are requesting their reasonable and necessary attorneys' fees as allowed by law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that the Court deny all injunctive relief requested by Plaintiffs, dismiss Plaintiffs' claims in their entirety for lack of jurisdiction and standing, and award Defendants their reasonable and necessary attorney's fees and costs, and for such other and further relief, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

**THE MARTINEZ DE VARA LAW FIRM, PLLC**

P.O. Box 377
Von Ormy, Texas 78073
Telephone: (210) 622-0323
Facsimile: (210) 622-4021

By: */s/ Art Martinez de Vara*
Art Martinez De Vara
State Bar No. 24060230
art@mdv-law.com
Charles H. Sierra
State Bar No. 18345300
charles@sierraspears.com

**& LOCAL COUNSEL**

By: /s/ Matthew A. Mills
Matthew A. Mills
Hood County Attorney
State Bar No.: 24060282
mmills@hoodcounty.texas.gov
Telephone: 817-579-3216
Fax: 817-579-3218

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer was sent to opposing counsel and all parties of interest on October 30, 2023.

***Via Email Service***
Robert E. Thackson
Paula D. Pendley
Emily K. Nguyen
Tanya B. Scarbrough
NELSON MULLINS RILEY & SCARBROUGH, LLP
3333 Lee Parkway, Suite 750
Dallas, Texas 75219
469.484.6100 (Telephone)
469.828.7217 (Facsimile)
robert.thackson@nelsonmullins.com
paula.pendley@nelsonmullins.com
Emily.nguyen@nelsonmullins.com
Tanya.scarbrough@nelsonmullins.com

*Attorneys for Plaintiffs*

*/s/ Art Martinez de Vara*
Art Martinez de Vara