IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARA HOLDINGS, INC., ET AL., | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § Civil Action No. 4:25-CV-01202-O |
| | § |
| HOOD COUNTY, TEXAS, ET AL., | § |
| | § |
| Defendants. | § |

# ORDER

Before the Court are Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 2) and Memorandum in Support of TRO and Preliminary Injunction (ECF No. 1-6) filed on October 27, 2025; Plaintiffs' Supplemental Document (ECF No. 9) filed on October 28, 2025; Defendants' Response to Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 10) filed on October 30, 2025; Plaintiffs' Motion for Leave to File Under Seal (ECF No. 12) filed on October 30, 2025; and Doe Plaintiffs' Unopposed Motion to Proceed Under Pseudonyms and for a Protective Order (ECF No. 12-3) filed on October 30, 2025. After considering the briefing and relevant case law, the Court determines that Plaintiffs' Motion for a Temporary Restraining Order should be, and is hereby, **DENIED**; Plaintiffs' Motion for Leave to File Under Seal is **GRANTED**; and Doe Plaintiffs' Unopposed Motion to Proceed Under Pseudonyms and for a Protective Order is **GRANTED in PART**.

I.  **BACKGROUND**[1]

This case arises from a claim that a group of citizens and several county members are behind an unlawful effort to incorporate a city around a crypto-mining farm in order to regulate it and put it out of business. On November 4, 2025, voters will decide whether "Mitchell Bend" should be incorporated as its own city. Mitchell Bend contains a crypto-mining farm owned by Plaintiff MARA Holdings, Inc. ("MARA")—an out-of-state corporation that acquired a crypto-mining facility in Hood County in January 2024. Plaintiffs are also DOES 1–8, citizens of Hood County who reside in the area proposed for incorporation. Defendants are Hood County, Texas and the following municipal officials sued in their official capacity: Defendant Judge Ron Massingill, the County Judge of Hood County, Texas; Defendant Matt Mills, Hood County Attorney; and Defendant Stephanie Cooper, Hood County Elections Administrator.

Plaintiffs claim that these officials are responsible for wrongly accepting an application for incorporation despite its procedural defects. Plaintiffs further claim that the application was improperly granted and placed on the ballot due to a conspiracy to keep MARA Holdings, Inc. out of the incorporation process.

The process for incorporation is as follows. The Texas Local Government Code lays out the prerequisites for placing the question of municipal incorporation on the ballot. Section 7.003, titled "Election Orders," provides "if satisfactory proof is made that a community has filed an application to incorporate under this chapter containing the required number of inhabitants, the county judge shall order an incorporation election to be held on a specified date and at a designated place in the community." Lastly, under Section 7.007, "ORDER OF INCORATION," if a majority of votes favor incorporation, the County Judge must record the incorporation in the

---

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiffs' Complaint. *See* Pls' Compl., ECF No. 1.

Commissioners Court records. Also under Section 7.007, "[t]he judge shall include the boundaries of the municipality in the entry. The incorporation of the community as a municipality is effective on the date the entry is made." Plaintiffs allege that several prerequisites were not met, and Defendants ignored defects on the face of the application but moved forward with holding an election anyway. Plaintiffs further argue that because of the procedural defect, any effort to record this incorporation would be invalid.

On October 27, 2025, Plaintiffs filed their Complaint (ECF No. 1) bringing: 1) state law ultra vires claims, 2) a Texas Open Meetings Act violation, 3) a conspiracy to deprive Plaintiffs of their constitutional rights under 42 U.S.C. § 1985, and 4) violations of equal protection and procedural due process under 42 U.S.C. § 1983. Plaintiff also filed a Motion for a Temporary Restraining Order (ECF No. 2) seeking to enjoin Defendants from holding an allegedly illegal election on November 4, 2025, as to the "Mitchell Bend Incorporation Issue." The same day, this Court entered an Order (ECF No. 5) requiring Plaintiffs to notify Defendants of the lawsuit immediately and requiring Defendants to respond to the request for a TRO no later than October 30, 2025. Plaintiffs then filed a Supplemental Document (ECF No. 9) on October 28, 2025. Defendants filed their Response to Plaintiffs Temporary Restraining Order (ECF No. 10) and Answer to Plaintiffs' Complaint (ECF No. 11) on October 30, 2025. Also on October 30, 2025, Doe Plaintiffs Filed a Motion for Leave to File Under Seal (ECF No. 12) and an Unopposed Motion to Proceed Under Pseudonyms and for a Protective Order (ECF No. 12-3). Plaintiffs' Motions are now ripe for the Court's review.

## II.     LEGAL STANDARD

The decision to grant or deny a preliminary injunction lies within the discretion of the district court. *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023). The purpose of a Temporary

Restraining Order is "to preserve the status quo until there is an opportunity to hold a hearing." 11A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2951 (3d ed. West 2005). "A [Temporary Restraining Order] is simply a highly accelerated and temporary form of preliminary injunctive relief, which requires that the party seeking such relief establish the same four elements for obtaining a preliminary injunction." *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 644–45 (N.D. Tex. 2021) (internal quotation marks and citation omitted).

A court may issue a Temporary Restraining Order if the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in its favor; and (4) that the issuance of the preliminary injunction will not disserve the public interest. *Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). The last two factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). As the movant, the party seeking relief bears the burden of proving all four elements. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The district court must deny a preliminary injunction "where the movant has failed sufficiently to establish *any one* of the four criteria." *Black Fire Fighters Ass'n v. Dallas*, 905 F.2d 63, 65 (5th Cir. 1990).

### III.  ANALYSIS

The Court addresses Plaintiffs' motions in turn.

#### A. Temporary Restraining Order

Plaintiffs' Motion for a Temporary Restraining Order fails because Plaintiffs have not carried their burden to show both a substantial threat of irreparable harm and that the issuance of a preliminary injunction will not disserve the public interest.

Specifically, Plaintiffs claim "[t]he proposed area of incorporation was never eligible to be considered for incorporation under Tex. Loc. Gov't Code § 7.001. The Application for Incorporation should have never been considered, but when it was, it was [sic] it should have been obvious that it was invalid on its face."[2] Moreover, Plaintiffs argue that "MARA [should not] be forced to contest the outcome of a sham election orchestrated through unlawful procedures."[3]

Plaintiffs cannot show irreparable harm because even if incorporation succeeds—and it may not—Plaintiffs can still challenge the validity of the election and the creation of "Mitchell Bend" after the results are certified.

While it is true under Texas law that private parties generally lack standing to challenge the incorporation of municipalities, *Durham v. Crutchfield*, 578 S.W.2d 438, 440 (Tex. App.—Texarkana, 1979), they do have standing if the incorporation was void ab initio. *Gonzales v. Concerned Citizens of Webberville*, 173 S.W.3d 112, 115 (Tex. App.—Austin, 2005). In other words, private citizens may sue if the municipality was void at its inception. "The defects in the incorporation process which render the incorporation absolutely void are: that the act of incorporation itself was either prohibited or unauthorized by law, or that the purported incorporation was pursuant to an unconstitutional statute, or that the attempt to comply with the provisions of the law authorizing the creation of such municipality was so utterly lacking or defective as to render the attempt to create such corporation void." *Durham*, 578 S.W.2d at 441. And Texas courts have confirmed that this challenge can be done collaterally. *Id.* ("Private citizens may collaterally or directly attack a void incorporation in certain circumstances.").

Therefore, Plaintiffs have not carried their burden to show irreparable injury because the Court is able to grant relief after the election.

---

[2] Pls' Br. Supp. TRO, 25, ECF No. 1-6.
[3] *Id.* at 24.

Second, enjoining the election when relief can be sought after the fact disserves the public interest. Plaintiffs waited until October 27, 2025, to seek an injunction—just eight days before the election. Plaintiffs did this even though, on October 3, 2025, MARA's counsel, Paula Pendley, received a letter from Hood County Attorney Mills which stated:[4]

> The county judge received your newest request to invalidate the coming election. I forwarded it to our consultant in Austin for feedback, and his opinion was similar to my first take. And that is that *the courts are open for filing for an injunction, but the county isn't going to invalidate the petition at this time*.

Plaintiffs knew from Defendants that their last resort before the election was to file an injunction, and despite that, Plaintiffs waited 25 days to initiate proceedings. A delayed effort to obtain relief such as this one is disfavored when seeking equitable relief. *See Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 589 U.S. 423, 430 (2020) (explaining that intervention in an election is ill advised the nearer the election). This concern is heightened by the fact that "[i]f the incorporation election is not held, another incorporation election cannot be held for a year."[5]

In conclusion, stopping the vote on incorporation at this late hour causes confusion and delay to the voters. Moreover, Plaintiffs may have viable causes of action, but the Court does not need to determine the merits questions because Plaintiffs will have an opportunity to challenge alleged misconduct—if needed—after the election takes place.

### B. Motion for Leave to File Under Seal, Motion to Proceed Under Pseudonyms, and Motion for Protective Order

Plaintiffs Does 1–8 also filed a Motion for Leave to File Under Seal the unredacted versions of Doe Plaintiffs' Unopposed Motion to Proceed Under Pseudonyms and for a Protective Order.[6] Plaintiffs also seek to file the declarations and exhibits attached to their motion—specifically,

---

[4] Pls' Compl. 35, ECF No. 1 (emphasis added).
[5] Defs' Resp. to Mot. for TRO, 12, ECF No. 10.
[6] Pls' Mot. for Leave to File Under Seal, 1, ECF No. 12.

Exhibits A-1 through A-10—under seal.[7] The Court **GRANTS** Doe Plaintiffs' Motion for Leave to File Under Seal. Further, the Court hereby **ORDERS** that Doe Plaintiffs' Motion for Leave to File Under Seal, their Unopposed Motion to Proceed Under Pseudonyms and for Protective Order, declarations and exhibits thereto, and the Order(s) based on these filings, shall be **SEALED** until further order of this Court.

Plaintiffs also move to Proceed Under Pseudonyms, or in the alternative, that the Court enter a protective order.[8] Having considered the briefing, relevant case law, and noting that the Motion is unopposed, the Motion is **GRANTED in PART**. The Court **GRANTS** Plaintiffs' Motion to Proceed Under Pseudonyms. Also, because Plaintiffs only move for a protective order in the alternative, the Court **DENIES** the Motion as to the Protective Order.

### IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 2). The Court also **GRANTS** Plaintiffs' Motion for Leave to File Under Seal (ECF No. 12). Doe Plaintiffs' Unopposed Motion to Proceed Under Pseudonyms and for a Protective Order (ECF No. 12-3) is **GRANTED** as to the Motion to Proceed Under Pseudonyms and **DENIED** as to the Protective Order.

**SO ORDERED** on this **2nd day** of **November 2025**.

_Reed O'Connor_
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[7] *Id.* at 1–2.
[8] Pls' Mot. to Proceed Under Pseudonyms and for Prot. Order 7, ECF No. 12-3.